# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                   |   |                        |
|-------------------|---|------------------------|
| S-E-A, LTD.       | * |                        |
|   Plaintiff | * |                    |
| v.                | * | CIVIL NO. JKB-18-1761 |
| ANTHONY CORNETTO  | * |                        |
|   Defendant | * |                    |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

*I. Background*

This case was filed on June 14, 2018, by S-E-A, Ltd. ("S-E-A"), against Anthony Cornetto, who was formerly employed by S-E-A. (Compl., ECF No. 1.) S-E-A immediately sought a temporary restraining order ("TRO") against Cornetto, and that was granted. (ECF Nos. 2, 8.) An amended complaint was filed on June 19, 2018, to correct scrivener's errors. (ECF No. 14.)

S-E-A alleged Cornetto had violated the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and further alleged he had breached his noncompetition and nonsolicitation agreements as well as his duty of confidentiality; the latter presented causes of action under state law. S-E-A presented a sufficiently compelling case for the state law claims that the Court entered the TRO. However, at that time, the Court was without benefit of adversarial argument from Cornetto. On July 9, 2018, Cornetto filed a motion to dismiss or, in the alternative, motion for summary judgment as to the federal count, Count II; as well, he sought dismissal of the supplemental claims if S-E-A did not prevail on the federal claim. (ECF No. 32.) Cornetto has sought

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the federal claim and dismissal of the state law claims under Rule 12(b)(1). After hearing argument from S-E-A on August 20, 2018, the Court will grant the motion.

## II. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the plaintiff. A challenge to jurisdiction may be either facial, *i.e.*, the complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of the complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir. 1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## *IV. Analysis*

The Defend Trade Secrets Act permits "[a]n owner of a trade secret that is misappropriated [to] bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."

The term "trade secret" is defined in 18 U.S.C. § 1839(3) to mean the following:

all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

Pertinent to this case, "misappropriation" means "disclosure or use of a trade secret of another without express or implied consent by a person who, at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret." 18 U.S.C. § 1839(5)(A). Prohibited impropriety of acquisition of a trade secret "does not include reverse engineering, independent derivation, or any other lawful means of acquisition." 18 U.S.C. § 1839(6)(B).

The Court considers whether the federal claim should be dismissed under either Rule 12(b)(1) or Rule 12(b)(6). "The failure to state the elements of a federal claim can form the basis of a Rule 12(b)(1) motion 'only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."'" *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), in turn quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)). The Court finds the complaint weakly states, at best, the jurisdictional elements under the federal Defend Trade Secrets Act. S-E-A relies heavily upon conclusional allegations as to whether something is a trade secret and as to whether Cornetto misappropriated it. But even if the complaint can be viewed as satisfying the low hurdle of Rule 12(b)(1), it certainly does not satisfy the *Iqbal-Twombly* standard for stating a claim to relief on the federal claim.

S-E-A posits that its Microsoft Outlook client contact data base is a trade secret. According to the complaint, this information includes "client contact persons and their contact information, clients' historical usage of S-E-A's service, [and] clients' purchasing needs and preferences." (Am. Compl. ¶ 57.) Elsewhere, S-E-A alleges it provides "forensic consulting and causal/failure analysis services to the insurance, legal, and manufacturing communities in multiple locations, including the State of Maryland." (*Id.* ¶ 5.) What S-E-A fails to allege is that the individuals and entities to whom it provides services are not readily discernible, by someone outside of S-E-A, as those individuals and entities needing "forensic consulting and causal/failure analysis services." Insurance companies, insurance adjusters, attorneys, and risk managers surely may be identified through publicly accessible resources and must surely be targeted for the provision of these services by others in the same forensic consulting profession.

Thus, S-E-A has not plausibly alleged that its client contact list was not "readily ascertainable through proper means by[] another person," in the words of the Act. 18 U.S.C. § 1839(3)(B). Further, not only does the complaint fail to allege that S-E-A required Cornetto to delete the Outlook contact list from Cornetto's personal devices upon his departure, it, in fact, alleges it furnished Cornetto with a list of clients covered by the nonsolicitation obligation in the agreement executed shortly before Cornetto's departure. (Am. Compl. ¶ 34.) Consequently, S-E-A has not plausibly alleged it took "reasonable measures to keep such information secret." *See* 18 U.S.C. § 1839(3)(A). S-E-A's allegation that the information in the contact list included "historical usage of S-E-A's service, [and] clients' purchasing needs and preferences" is vague; this allegation does not include sufficient factual content for the Court to draw the inference of such information being accorded the status of a trade secret.

In addition to claiming its Outlook client contact list is a trade secret, S-E-A alleges it possesses a trade secret in "its proprietary . . . graphics and animation technology and training." (Am. Compl. ¶ 56.) This allegation is merely a conclusion that does not survive a Rule 12(b)(6) motion. In its opposition to Cornetto's motion to dismiss, S-E-A indicates it has a proprietary 3D scanning process. (Pl.'s Opp'n 2.) More particularly, S-E-A indicates it "uses products manufactured by FARO, a 3D measurement, imaging and realization technology manufacturing company, for its visualization and imaging." (*Id.* 6.) It further says, "Extrapolating on the FARO technology, S-E-A primarily uses the scanner in a manner that S-E-A treats as proprietary and a trade secret." (*Id.*) Even if those additional allegations were included in the complaint, however, S-E-A does not allege that its method of using a third-party vendor's software and hardware could not be developed independently by someone outside of S-E-A. For purposes of determining whether the complaint states a claim for relief under the federal Defend Trade

Secrets Act, the Court concludes that these additional allegations would not bring the complaint over the line between implausibility and plausibility. Moreover, S-E-A does not plausibly allege that Cornetto has misappropriated its 3D scanning process, even if it did rise to the level of being a trade secret. Mere solicitation of clients and providing consulting services for them, although perhaps a violation of nonsolicitation and noncompetition covenants, do not allow an inference that Cornetto misappropriated a trade secret.

## *V. Conclusion*

The Court concludes S-E-A fails to state a viable claim that Cornetto violated the federal Defend Trade Secrets Act. Count II will, therefore, be dismissed. Having disposed of the only federal claim in the lawsuit, the Court now declines to exercise supplemental jurisdiction over S-E-A's state law claims. See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over claim when all claims over which court had original jurisdiction have been dismissed). Those will be dismissed without prejudice to refile in state court. A separate order follows.[1]

DATED this 21st day of August, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

[1] Plaintiff's motion to seal three exhibits to an affidavit by Thomas Dowd (ECF No. 23) will be granted. The Court did not rely upon the material in these three exhibits to rule on the motion to dismiss Count II for failure to state a claim for relief.